UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM H. DANFORTH,

                        Plaintiff,

    -against-                                  6:02-CV-0488
                                                              (LEK/DEP)

JO ANNE B. BARNHART, Commissioner
of Social Security,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER[1]

      This matter comes before the Court following a Report and Recommendation Order filed on January 13, 2006, by the Honorable David E. Peebles, United States Magistrate Judge. Report-Rec. (Dkt. No. 14). For the following reasons, the Court remands this case to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum-Decision and Order.

I.      BACKGROUND

      In approximately 1985, the plaintiff in this case, William Danforth ("Danforth" or "Plaintiff"), was involved in a motorcycle accident in which he sustained a closed head injury. As a result of the accident and injury, Plaintiff developed a seizure disorder which requires daily treatment with medication to control the outbreaks. Administrative Transcript ("AT") at 162. Plaintiff also suffers from amnesia and cannot remember anything before the accident, including his receipt of an associates degree. AT at 24. The treatment regimen prescribed by his physician

---

[1] For printed publication in the Federal Reporters.

managed to stabilize Plaintiff's condition while he performed various jobs throughout the years as a tow truck driver, mill worker, groundskeeper, floor person at a night club, and bartender. AT at 105.  Plaintiff was hospitalized for a seizure on July 14, 1999.  A EEG administered at the hospital showed abnormal brain functions (AT at 155) and a CT scan showed the presence of a moderate brain lesion (AT at 154).  The treating physician found that the seizures were intensifying despite the current medication levels and a more aggressive treatment would be needed.  AT at 157.  Six months later, another seizure occurred while Plaintiff was driving, which resulted in a car accident and the loss of his driving privileges.  AT at 29-30, 191-193.  A month prior to this accident, Plaintiff applied for disability benefits from the Social Security Administration.  AT at 11.  Benefits were denied by the Administration, and Plaintiff received a hearing with an Administrative Law Judge ("ALJ") on October 23, 2000.  After the hearing, Plaintiff was seen by Annette Payne, Ph.D. for a psychiatric evaluation.  Dr. Payne's evaluation determined that Plaintiff suffered from an Amnestic Disorder due to head trauma and a cognitive disorder, not otherwise specified.  AT at 12.  Dr. Payne recommended that Plaintiff receive cognitive rehabilitation and vocational counseling to determine what jobs he is capable of performing.  AT at 198.  In a decision dated February 23, 2001, the ALJ performed the five-step analysis required by the Social Security Administration, pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1., finding that: 1) Plaintiff met the insured status requirements of the Social Security Act; 2) Plaintiff had not engaged in any substantial gainful activity since the onset of his disability; 3) Plaintiff's severe impairments did not meet or equal the level of severity of any impairments contained in the Social Security Regulations; and that 4) Plaintiff retained the residual functional

capacity to perform his past relevant work as a floor person - ID checker. AT at 16. Since the ALJ found that Plaintiff could perform his past relevant work as a floor person - ID checker, he concluded that Plaintiff was not disabled. AT at 16.

Plaintiff appealed the decision and appellate review was denied by the Social Security Administration. AT at 2. On April 4, 2002, Plaintiff instituted this action in the United States District Court for the Northern District of New York. Complaint (Dkt. No. 1). The action was referred to the Honorable David E. Peebles, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District Local Rule 72.3(d). On January 13, 2006, a Report and Recommendation Order was issued finding that the ALJ's determination was based on substantial evidence and application of proper legal principles. Report-Rec. (Dkt. No. 14) at 32. Judge Peebles concluded: 1) that the opinions of Plaintiff's physicians supporting a finding of disability were based on insufficient evidence and that the rejection of those opinions by the ALJ was not improper (id. at 14-18); 2) the ALJ's findings regarding Plaintiff's residual functional capacity to perform his past job as a floor person was based on substantial evidence (id. at 18-22); 3) the ALJ did not err in disregarding Plaintiff's subjective complaints of pain because of both the lack of documented evidence supporting Plaintiff's claims, and the evidence in the record showing Plaintiff engaged in daily socialization with friends without issue (id. at 22-27); 4) the ALJ's determination that Plaintiff's condition does not equal the listings of presumptively disabling conditions was correct because Plaintiff failed to point to sufficient medical evidence to prove the equivalency (id. at 27-29); and 5) the

new evidence offered by Plaintiff, in the form of progress notes by his physicians, did not cast doubt on the ALJ's determination of disability (id. at 29-31).

Based on these findings, Judge Peebles concluded that the ALJ's decision that Plaintiff could perform his past relevant work, and therefore he was not disabled, was based on substantial evidence and the application of proper legal principles, and therefore recommended Plaintiff's complaint be dismissed. Id. at 31-32. Plaintiff filed objections to the Report and Recommendation Order on January 30, 2006, in which he argues that the evidence of disability was substantial and that the ALJ's determination was not based on that substantial evidence. Objections (Dkt. No. 15). The United States Attorney filed a reply brief in opposition to the objections on February 8, 2006, arguing that the decision of the ALJ was based on substantial evidence and that this Court should adopt Judge Peebles' Report and Recommendation Order of Magistrate Judge Peebles. Reply (Dkt. No. 16).

II. DISCUSSION

The scope of review for the Court in this case is limited to a determination of whether the ALJ applied proper legal standards and whether his decision was supported by substantial evidence in the record. See Veino v Barnhart, 312 F.3d 578, 586 (2d Cir. 2002). However, if there is reasonable doubt as to whether the proper legal standards were applied then the decision should not be affirmed, even if the conclusion is supported by substantial evidence. Martone v Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (Hurd, D.J.) (citing Johnson v Bowen, 817 F.2d 983, 985 (2d Cir. 1987)). In such instances, remand is proper to allow the ALJ to further develop the record and explain his or her reasoning. Id. at 148.

The proper legal standard to be applied by the ALJ is a five step analysis:

1) Whether the claimant is engaging in any substantial gainful activity. If not, then
2) Whether the claimant has a severe impairment or combination of impairments which significantly restricts his/her physical or mental ability to perform basic work activities. If so,
3) Whether such impairment meets or equals an impairment listed in Appendix 1 of the regulations. If not, then
4) Whether the claimant's residual functional capacity precludes the performance of his/her past relevant work. If so, then
5) Whether the claimant can do any other work.

20 C.F.R., Pt. 404, Subpt. P, App. 1.

Judge Peebles found that substantial evidence supported the ALJ's finding that Plaintiff can perform his past relevant work as a floor person - ID checker. Report Rec. (Dkt. No. 14) at 21. However, the administrative record reflects a deficiency of substantial evidence to support the finding that Plaintiff's work as a floor person - ID checker was past relevant work.

The Second Circuit in Melville v Apfel, commented that:

step four of the sequential process requires an inquiry into the claimant's ability to do her "past relevant work"; a claimant's past work experience, especially part-time work, is not "relevant" unless, *inter alia*, it was "substantial gainful activity" and a proper assessment of whether past work was substantial gainful activity requires an evaluation of, *inter alia*, how well the claimant performed her duties, whether those duties were minimal and made little or no demand on her, what her work was worth to the employer, and whether her income was tied to her productivity.

198 F.3d 45, 53-54 (2d Cir. 1999). "Neither poorly performed work nor minimally valuable make-work is to be considered substantial gainful activity." Id. at 53.

In Melville, the Second Circuit vacated the decision of the ALJ as a result of his failure to fulfill his responsibility to fully develop the record and evaluate the claimant's prior work

- 5 -

experience. The Second Circuit found that this failure prevented a proper analysis at the fourth step. Id. at 54.

In the present case, the ALJ, at the administrative hearing, did not request any information from Plaintiff as to the nature of his job as a floor person - ID checker, or what his duties entailed in that position. The ALJ did inquire about Plaintiff's prior work as a bartender, yet, in finding Plaintiff capable of his past relevant work, relied only on the Plaintiff's brief description of his floor person job as consisting of merely standing and walking for eight hours at a time, and nothing else. AT at 107. To find that the floor person - ID checker position was past relevant work, the ALJ had a duty to at least explain how that position could be considered substantial gainful activity. The United States Attorney in his memorandum in reply to the objections of Plaintiff, argues that the ALJ's determination that the position of floor person - ID checker was past relevant work was based on "ample information" provided by the Plaintiff (Reply (Dkt. No. 16) at 3), yet the only evidence contained in the record was a very brief description of this job (AT at 107). The ALJ's "implicit" conclusion that Plaintiff's prior position as a floor person - ID checker constituted past relevant work was not supported by "substantial evidence" in the record, and "he had a duty to develop the record" if such a conclusion was to be made. See Tutuianu v. Apfel, 99-CV-5214 (JG), 2000 U.S. Dist. LEXIS 12209, at *19 (E.D.N.Y. Aug. 23, 2000). Although this Court's review of a final decision of the Commissioner is limited, in this case the ALJ failed to fully develop the record and support the conclusion that Plaintiff's prior position as a floor person - ID checker was past relevant work. Therefore, the

- 6 -

Court remands this case to the Commissioner for further development of the record on the issue of whether Plaintiff's job as a floor person - ID checker constitutes past relevant work.

III.     CONCLUSION

For the reasons stated above, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **ADOPTED IN PART** and **MODIFIED IN PART**; and it is further

**ORDERED,** that this matter is **REMANDED** to the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Order; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

Date:   March 29, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge